**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1121
_____

FAYEZ HANNA,
                              Appellant

v.

SECRETARY OF U.S. DEPARTMENT OF AGRICULTURE; JUSTIN
KELLEY; JULIE HARTLEY; DANA STAHL; MELISSA BAILEY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-04555)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2020
Before:  JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: July 15, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Appellant Fayez Hanna filed a civil rights complaint against the United States

Department of Agriculture alleging discrimination based on his national origin and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

disability. After the extended discovery deadline had passed, the defendants filed a motion to dismiss for failure to prosecute in which they alleged that Hanna had refused to be deposed or otherwise participate in discovery. Specifically, they contended that Hanna had not responded to any discovery requests during the initial discovery period and that, after the defendants were granted an extension of the discovery deadline, Hanna twice failed to appear at properly noticed depositions. The District Court granted the defendants' motion after analyzing the factors outlined in Poulis v. State Farm Fire & Casualty Co.,747 F.2d 863, 868 (3d Cir. 1984), and dismissed the case on October 25, 2019.

On December 9, 2019, Hanna filed a motion requesting an extension of time to respond to the defendants' motion to dismiss, along with a motion to amend his complaint. He claimed that he had not received a copy of the defendants' motion until after the court had ruled and was thus unable to file a response. In his brief on appeal, Hanna asserted that he received the District Court's opinion on November 4, 2019, and requested via fax on November 8, 2019, that the District Court send him the defendants' motion and grant him time to respond; he received a copy on November 23, 2019. The District Court denied Hanna's motions. The court noted that the defendants' certificate of service stated that the motion was mailed to him by pre-paid first class mail on the same day that it was filed, that the address listed was provided by Hanna, that the defendants had previously sent to that address copies of filings that Hanna received, and

that Hanna had not produced any evidence to rebut the presumption that he had received the motion. ECF 37 at 1 n.1. Hanna appealed.

We have jurisdiction under 28 USC § 1291,[1] construe Hanna's motion for extension of time as a motion under Fed. R. Civ. P. 60(b)(6), and review its denial for abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).

Under Rule 60(b)(6), a party may be relieved from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant under Rule 60(b)(6) must show, among other things, "extraordinary circumstances" that justify relief. Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005).

We agree with the District Court that Hanna failed to overcome the presumption of service of the defendants' motion to dismiss. Federal Rule of Civil Procedure 5(b)(2)(C) provides that a motion is properly served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). "The common law has long recognized a presumption that an item properly mailed was received by the addressee." In re: Cendant Corp. Prides Litig., 311 F.3d 298, 304 (3d Cir. 2002). Once a certificate of service is filed asserting that a pleading was properly addressed, had sufficient postage, and was served by being placed in the U.S. mail, a presumption of regularity arises that the addressee received the pleading. Id.

---

[1] The scope of our review is limited to the denials of Hanna's motion for extension of time and motion to amend. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 n.3 (3d Cir. 2004).

Hanna had previously received filings mailed to the same address and offered no explanation or evidence to rebut the presumption of receipt of the motion to dismiss.[2] Because we presume that Hanna received the defendants' motion to dismiss, there is no basis for Hanna's Rule 60(b) motion, let alone the "extraordinary circumstances" necessary for relief.

Accordingly, we will affirm the judgment of the District Court.

---

[2] The defendants' certificate of service also indicated that the motion was served via ECF.